MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
MIGUEL ANGEL PLACIDO BAZAN and
MARCELINO MARTINEZ, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
| LUNA ENTERPRISE LLC  (D/B/A<br>SOPHIE'S CUBAN CUISINE), SOPHIE'S<br>RESTAURANT #3 LLC  (D/B/A SOPHIE'S<br>CUBAN CUISINE), SOFIA LUNA, JASON<br>DOE, and LEILA DOE, | **ECF Case** |
| *Defendants.* | |

------------------------------------------------------X

        Plaintiffs Miguel Angel Placido Bazan and Marcelino Martinez, individually and on behalf

of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against Luna Enterprise LLC

(d/b/a Sophie's Cuban Cuisine), Sophie's Restaurant #3 LLC (d/b/a Sophie's Cuban Cuisine),

("Defendant Corporations"), Sofia Luna, Jason Doe, and Leila Doe, ("Individual Defendants"),

(collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

        1.       Plaintiffs are former employees of Defendants Luna Enterprise LLC (d/b/a Sophie's

Cuban Cuisine), Sophie's Restaurant #3 LLC (d/b/a Sophie's Cuban Cuisine), Sofia Luna, Jason Doe,

and Leila Doe.

2.    Defendants own, operate, or control a Latin American restaurant, located at 96 Chambers Street, New York, New York 10007 under the name "Sophie's Cuban Cuisine"(hereinafter the "Chambers Street location") and at 73 New Street, New York, New York 10004 under the name "Sophie's Cuban Cuisine" (hereinafter the "New Street location").

3.    Upon information and belief, individual Defendants Sofia Luna, Jason Doe, and Leila Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.    Plaintiffs were employed as a delivery worker and a food preparer at the restaurants located at 96 Chambers Street, New York, New York 10007 and 73 New Street, New York, New York 10004.

5.    Plaintiff Placido was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to peeling vegetables and preparing foods (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wage and spread of hours compensation for the hours that they worked.

7.    Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked at the straight rate of pay.

8.    Further, Defendants failed to pay Plaintiff Martinez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants employed and accounted for Plaintiff Placido as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Placido at the lowered tip-credited rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Placido's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Placido's actual duties in payroll records by designating him as a delivery worker instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Placido at the minimum wage rate and enabled them to pay him at the lower tip-credit rate.

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Latin American restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

19.     Plaintiff Miguel Angel Placido Bazan ("Plaintiff Placido" or "Mr. Placido") is an adult individual residing in Queens County, New York.

20.     Plaintiff Placido was employed by Defendants at the Chambers Street location from approximately July 2012 until on or about May 2017.

21.     Plaintiff Marcelino Martinez ("Plaintiff Martinez" or "Mr. Martinez") is an adult individual residing in New York County, New York.

22.     Plaintiff Martinez was employed by Defendants at the Chambers Street location from approximately November 2011 until on or about April 2017 and at the New Street location from approximately April 2017 until on or about July 2017.

### *Defendants*

23.     At all relevant times, Defendants own, operate, or control a Latin American restaurant, located at 96 Chambers Street, New York, New York 10007 under the name "Sophie's

Cuban Cuisine" and at 73 New Street, New York, New York 10004 under the name "Sophie's Cuban Cuisine".

24.    Upon information and belief, Luna Enterprise LLC (d/b/a Sophie's Cuban Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 96 Chambers Street, New York, New York 10007.

25.    Upon information and belief, Sophie's Restaurant #3 LLC (d/b/a Sophie's Cuban Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 73 New Street, New York, New York 10004.

26.    Defendant Sofia Luna is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sofia Luna is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sofia Luna possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Jason Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jason Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jason Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and

compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Leila Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leila Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Leila Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate two Latin American restaurants located in the Financial District section of Manhattan in New York City.

30.     Individual Defendants, Sofia Luna, Jason Doe, and Leila Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35. Upon information and belief, Individual Defendants Sofia Luna, Jason Doe, and Leila Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of their own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiffs

39.     Plaintiffs are former employees of Defendants who ostensibly were employed as a delivery worker and a food preparer.

40.      However, the tipped worker spent over 20% of each shift performing the non-tipped duties described above.

41.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Miguel Angel Placido Bazan

42.     Plaintiff Placido was employed by Defendants at the Chambers Street location from approximately July 2012 until on or about May 2017.

43.     Defendants ostensibly employed Plaintiff Placido as a delivery worker.

44.     However, Plaintiff Placido was also required to spend a significant portion of his work day performing the non-tipped duties described above.

45.    Although Plaintiff Placido ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

46.    Plaintiff Placido regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

47.    Plaintiff Placido's work duties required neither discretion nor independent judgment.

48.    From approximately July 2012 until on or about December 2014, Plaintiff Placido worked from approximately 11:00 a.m. until on or about 4:00 p.m., Mondays through Fridays (typically 25 hours per week).

49.    From approximately January 2015 until on or about December 2015, Plaintiff Placido worked from approximately 11:00 a.m. until on or about 3:00 p.m. and from approximately 4:00 p.m. until on or about 9:00 p.m., Mondays through Fridays (typically 45 hours per week).

50.    From approximately January 2016 until on or about May 2017, Plaintiff Placido worked from approximately 11:00 a.m. until on or about 4:00 p.m., Mondays through Fridays (typically 25 hours per week).

51.    Throughout his entire employment, Defendants paid Plaintiff Placido his wages by check.

52.    From approximately July 2012 until on or about December 2013, Defendants paid Plaintiff Placido $5.00 per hour.

53.    From approximately January 2014 until on or about December 2015, Defendants paid Plaintiff Placido $5.75 per hour.

54.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Placido $9.00 per hour.

55.     From approximately January 2017 until on or about May 2017, Defendants paid Plaintiff Placido $9.35 per hour.

56.     Plaintiff Placido's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.     For example, Defendants required Plaintiff Placido to work an additional one hour past his scheduled departure time five days a week, and did not pay him for the additional time he worked.

58.     Plaintiff Placido was never notified by Defendants that his tips were being included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Placido's wages.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Placido regarding overtime and wages under the FLSA and NYLL.

61.     Prior to 2015, Defendants did not give any notice to Plaintiff Placido, in English and in Spanish (Plaintiff Placido's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     Defendants required Plaintiff Placido to purchase "tools of the trade" with his own funds—including one bicycle and an electric bicycle.

*Plaintiff Marcelino Martinez*

63.     Plaintiff Martinez was employed by Defendants at the Chambers Street location from approximately November 2011 until on or about April 2017 and at the New Street location from approximately April 2017 until on or about July 2017.

64.     Defendants employed Plaintiff Martinez as a food preparer.

65.    Plaintiff Martinez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

66.    Plaintiff Martinez's work duties required neither discretion nor independent judgment.

67.    From approximately June 2012 until on or about July 2017, Plaintiff Martinez worked over ten hours a day.

68.    Throughout his entire employment, Defendants paid Plaintiff Martinez his wages by check.

69.    From approximately June 2012 until on or about July 2017, Defendants never paid Plaintiff Martinez his spread of hours pay for working more than 10 hours each day.

70.    Defendants never granted Plaintiff Martinez any breaks or meal periods of any kind.

71.    Defendants required Plaintiff Martinez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

72.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

73.    Defendants did not give any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

74.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage and spread of hours pay as required by federal and state laws.

75.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

76.     Defendants' pay practices resulted in Plaintiff Placido not receiving payment for all his hours worked, and resulting in Plaintiff Placido's effective rate of pay falling below the required minimum wage rate.

77.     Defendants habitually required Plaintiff Placido to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

78.     Defendants required Plaintiff Placido and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

79.     Plaintiff Placido and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

80.      Plaintiff Placido's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

81.     Plaintiff Placido and all other tipped workers were paid the lowered tip-credit rate by Defendants.

82.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Placido's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

83.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

84.    In violation of federal and state law as codified above, Defendants classified Plaintiff Placido and other tipped workers as tipped employees, and paid them at a rate that was at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

85.    Defendants failed to inform Plaintiff Placido who received tips that Defendants intended to take a deduction against Plaintiff Placido's earned wages for tip income, as required by the NYLL before any deduction may be taken.

86.    Defendants failed to inform Plaintiff Placido who received tips, that his tips were being credited towards the payment of the minimum wage.

87.    Defendants failed to maintain a record of tips earned by Plaintiff Placido who worked as a delivery worker for the tips he received.

88.    Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in order to release their wages.

89.    Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

90.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

91.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

92.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

93.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

94.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

95.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

96.     Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

97.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage required by the FLSA.

98.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

101.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

102.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

103.    Defendants failed to pay Plaintiff Placido (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

104.    Defendants' failure to pay Plaintiff Placido (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiff Placido (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

108.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Placido less than the minimum wage.

109.    Defendants' failure to pay Plaintiff Placido the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiff Placido was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendants failed to pay Plaintiff Martinez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Placido's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

113.    Defendants' failure to pay Plaintiff Martinez an additional hour's pay for each day Plaintiff Martinez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

114.    Plaintiff Martinez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

117.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    Defendants required Plaintiff Placido to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his duties, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

120.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Placido and the FLSA Class members;

(c)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Placido and the FLSA Class members;

(d)    Awarding Plaintiff Placido and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)    Awarding Plaintiff Placido and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage, and damages

for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Placido;

(g)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Martinez;

(h)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(i)     Awarding Plaintiffs damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(j)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(l)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(m)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

June 26, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 25, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Marcelino Martinez

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:                    *Marcelino Martinez*

Date / Fecha:                         25 de enero de 2018

25 de Enero del 2018

*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

April 9, 2018

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                           Miguel Angel Placido Bazan

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            April 9, 2018

*Certified as a minority-owned business in the State of New York.*