# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

December 7, 2018

**VIA ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

           **Re:**    *Placido Bazan et al. v. Luna Enterprise LLC. et al.*
                     Case No. 18-cv-5780-GBD

Your Honor:

      This office represents Plaintiffs Miguel Angel Placido Bazan, and Marcelino Martinez ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants Luna Enterprise LLC, Sophie's Restaurant #3 LLC, Sofia Luna, George Jason Cestero, and Leila Puglisevich (the "Defendants," and together with Plaintiffs, the "Settling Parties").

      The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a mediation with the assistance of Mediator Margaret McIntyre, Esq. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      While the Plaintiffs believe that the settlement amount is less than what they would be entitled to if they prevailed at trial, the Parties believe that the settlement is nevertheless fair and reasonable, as discussed herein.

**Plaintiffs' Allegations**

      Plaintiff Bazan alleges that he was employed by Defendants as a delivery worker at the Latin American restaurant owned by Defendants at the Chambers Street location, located at 96 Chambers Street, New York, NY 10007.

      Plaintiff Bazan was employed by Defendants from approximately July 2012 until May 2017. From approximately July 2012 until on or about December 2014, Plaintiff Bazan worked approximately 25 hours per week. From approximately January 2015 until on or about December 2015, Plaintiff Bazan worked approximately 45 hours per week. From approximately January 2016 until on or about May 2017, Plaintiff Bazan worked approximately 25 hours per week. Throughout his employment with Defendants, Plaintiff Bazan was paid his wages by check.

Hon. George B. Daniels
December 7, 2018
Page 2 of 5

From approximately July 2012 until on or about December 2013, Defendants paid Plaintiff Bazan $5.00 per hour. From approximately January 2014 until on or about December 2015, Defendants paid Plaintiff Bazan $5.75 per hour. From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Bazan $9.00 per hour. From approximately January 2017 until on or about May 2017, Defendants paid Plaintiff Bazan $9.35 per hour. Plaintiff Bazan was never notified by Defendants that his tips were being included as an offset for wages.

Plaintiff Martinez alleges that he was employed by Defendants as a food preparer at the Latin American restaurant owned by Defendants at the Chambers Street location, located at 96 Chambers Street, New York, NY 10007, as well as the New Street location, located at 73 New Street, New York, New York 10004.

From approximately June 2012 until on or about July 2017, Plaintiff Martinez worked over ten hours a day, five or six days per week. From approximately June 2012 until on or about July 2017, Defendants never paid Plaintiff Martinez his spread of hours pay for working more than 10 hours each day. Throughout his employment with Defendants, Plaintiff Martinez has been paid his wages by check.

Plaintiffs Bazan and Martinez therefore brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq.*, and spread of hours pursuant to the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

**The Settlement**

Plaintiffs allege they are entitled to unpaid back wages and spread of hours pay of approximately $24,675.25. Plaintiffs estimate that had they recovered in full for their claims, they would be entitled to approximately $71,426.12, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as **Exhibit B**.

Defendants' Answer denied all of Plaintiffs' allegations of unlawful practices and policies and dispute whether certain of the Defendants are proper party defendants in this action. Defendants also maintain that, through objective evidence and witness testimony, they would be able to prevail on the defenses set forth in their Answer. Moreover, based on Defendants' analysis of the applicable time and pay records, only one of the Plaintiffs is potentially owed any monies in a total amount of less than $8,000.

In order to avoid the potentially significant and unanticipated burdens and expenses in establishing their respective positions through discovery and summary judgment, the Settling Parties have agreed to resolve this action for the total sum of $18,000.00 which will be paid as outlined in **Exhibit A**.

Hon. George B. Daniels
December 7, 2018
Page 3 of 5

$17,000 of the settlement amount will be paid to Plaintiffs' attorneys, who will be solely responsible for distributing the settlement amount to the Plaintiffs directly after deductions of counsel fees and costs. The remaining $1,000 will be split and payable directly to Plaintiffs.

Further, the Parties have been represented by counsel, experienced in wage and hour litigation, throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel, with the assistance of a mediator assigned through the Court's mediation program, negating the possibility of fraud or collusion.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $6,000.00, one third of the settlement amount and less than their lodestar amount. This represents a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC*,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc.*,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Hon. George B. Daniels
December 7, 2018
Page 4 of 5

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients. Plaintiffs' interests have thus been adequately safeguarded.

Therefore, the Parties respectfully submit that the Agreement is fair and reasonable, and therefore jointly request that the Court issue an order approving the Agreement as fair and reasonable, dismissing all claims against Defendants with prejudice, directing the Clerk of the Court to close the case, except that the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc:   Tarter Krinsky & Drogin LLP
      Richard Steer, Esq. (via ECF)
      Tara Toevs Carolan, Esq. (via ECF
      *Attorney for Defendants*